# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

DELON LUCIUS LANCASTER,

      Petitioner,

      v.

JON D. STAPLES, United States
Chief Counsel for I.N.S.,

      Respondent.

CIVIL ACTION NO. 1:15-cv-02491

(CONNER, J.)
(SAPORITO, M.J.)

## REPORT AND RECOMMENDATION

Although docketed by the Clerk as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, this action was commenced by the filing of a *pro se* petition for review of a final order of removal (Doc. 2) and a motion for a stay of removal (Doc. 1). Also pending is a motion for leave to proceed *in forma pauperis* in this action (Doc. 3).

The petitioner, Delon Lucius Lancaster, is a native and citizen of Guyana. (Doc. 1-1, at 2). On August 7, 2015, an Immigration Judge in York, Pennsylvania, denied his request for deferral of removal under the Convention Against Torture. (*Id.*). He appealed that decision to the Board of Immigration Appeals, which dismissed his administrative appeal on December 9, 2015. (Doc. 1-1). The instant petition for review and motion

for stay were deposited in the mail at York County Prison, where Lancaster is currently detained pending removal, on December 22, 2015. (Doc. 1, at 29). It was received and docketed by the Clerk of this Court on December 28, 2015.

A petition for review filed in the United States Court of Appeals for the Third Circuit is the "sole and exclusive means for judicial review of an order of removal" issued in this circuit. *See* 8 U.S.C. § 1252(a)(5). The adoption of this statutory provision in 2005 "expressly eliminated district courts' habeas jurisdiction over removal orders." *Jordon v. Att'y Gen. of U.S.*, 424 F.3d 320, 326 (3d Cir. 2005). Thus, this Court lacks jurisdiction to consider the instant petition for review and motion for stay of removal.

The same statute provides that a petition for review must be filed within thirty days of the date of a final order of removal. *See* 8 U.S.C. § 1252(b)(1). Because the thirty-day deadline for filing a petition for review in this case is imminent, and outright dismissal of this action would likely cause Lancaster to forfeit appellate review of the challenged order of removal, we find that it is in the interest of justice to transfer this action to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631.

Accordingly, **IT IS RECOMMENDED** that:

1.     The Clerk of Court be directed to **TRANSFER** the instant action to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631; and

2.     The Clerk of Court be directed to **CLOSE** this case.


**Dated: December 30, 2015**                    *s/ Joseph F. Saporito, Jr*.
                                                                          **JOSEPH F. SAPORITO, JR.**
                                                                          **United States Magistrate Judge**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

DELON LUCIUS LANCASTER,

      Petitioner,

      v.

JON D. STAPLES, United States
Chief Counsel for I.N.S.,

      Respondent.

CIVIL ACTION NO. 1:15-cv-02491

(CONNER, J.)
(SAPORITO, M.J.)

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated December 30, 2015. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


Dated: December 30, 2015                   *s/Joseph F. Saporito, Jr*.
                                           JOSEPH F. SAPORITO, JR.
                                           United States Magistrate Judge